UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHN HENDERSON,<br><br>　　　　　　Petitioner,<br><br>　　vs.<br><br>J. MACDONALD, WARDEN,<br><br>　　　　　　Respondent. | CASE NO. SA CV 13-0709 GAF (RZ)<br><br>ORDER DISMISSING PETITION<br>WITH LEAVE TO AMEND |

Petitioner challenges his 2010 robbery conviction by an Orange County jury. The Court will dismiss the initial petition with leave to amend due to three kinds of pleading flaws.

**HOW MANY CLAIMS?**

First, it is unclear how many claims Petitioner wishes to assert. In his four-page supporting memorandum (actually a copy of a recent filing in the state trial court), he enumerates three "arguments presented." Mem. at 3-4. But in the form petition itself, he has filled in the blanks for *five* claims, indicating that he exhausted those claims and referring the reader to the attached memorandum for further information. If Petitioner wished to assert a fourth and fifth claim, he failed to do so. In any amended petition,

Petitioner must leave no doubt about how many claims he is asserting and identify each of them clearly.

## WHAT IS THE FACTUAL BASIS FOR THE CLAIMS?

Second, Petitioner fails to assert any factual support for the three claims that he does articulate.

In Claim 1, he argues that his trial and appellate counsel were "constitutionally ineffective as advocates for the defendant." (As a preliminary matter, this single claim should be presented as two claims, one attacking each lawyer's performance.) This is a valid kind of legal claim, *see Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), but Petitioner provides only a few factual scraps to support it. What he does assert is insufficient and at times puzzling. On page two of his brief, he vaguely accuses trial counsel of not being an "active advocate" and instead being "a friend of the court." Petitioner argues that appellate counsel, after supposedly concluding that Petitioner had no arguable issues on appeal,[1] "failed to afford [him] adequate and effective review" to ensure that his rights as an indigent defendant were protected, citing "*In re Banks*." But that case appears to be unrelated to this one. The principal holding in *Banks*, 88 Cal. App. 3d 864, 152 Cal. Rptr. 111 (1979), is that California convicts who did not post bail, and thus were jailed while awaiting trial, must receive sentencing credit for their pre-sentencing time in jail. Petitioner clearly asserts that his conviction itself is invalid, however, and is not seeking mere sentencing credit as was Gordon Banks. Finally, on page 3, Petitioner states that trial "counsel made no effort to initiate 'any plea bargain' . . . due to counsel being 'in league' with the prosecution. Petitioner fails to provide any factual

---

[1] In fact, Petitioner's appointed appellate counsel did not conclude that Petitioner had no arguable issues to raise, for Petitioner raised a claim of instructional error on appeal. *See People v. Henderson*, no. G044944, 2012 WL 1654932 (Cal. Ct. App., Dist. 4, Div. 3).

support either for the 'in league' comment or for the existence any prospective plea offer to which the prosecution may have agreed or that the judge may have accepted.

In Claim 2, Petitioner asserts that insufficient evidence – "a mere modicum" – supports his robbery conviction. This is another valid kind of claim legally, *see Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979), but Petitioner does not adequately explain it factually. In just what way(s) was the evidence deficient? Petitioner states only that the "[v]ictim testified I stole $37.00 cash and an ATM card from him (alleged robbery), committed without any weapon[,] then changed amount to $60.00 and bank card [*sic*]." Mem. at 3. Perhaps Petitioner means to argue that a slight discrepancy in the victim's testimony renders that testimony untrustworthy. Or perhaps Petitioner's comment about the lack of a weapon suggests that he believes insufficient evidence supported the conclusion that Petitioner accomplished his theft "by means of force or fear" – and, thus, that he is guilty only of theft, not robbery. *Compare* CAL. PENAL CODE § 211 (robbery) *with* CAL. PENAL CODE § 484 (theft). The Court will not guess at Petitioner's particular theory of this claim. In any amended complaint, Petitioner must explain the way(s) in which he believes the evidence was deficient and provide factual support for that explanation.

In Claim 3, Petitioner cites *United States v. Cronic*, 466 U.S. 648, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984) and asserts that his trial lawyer provided "no actual assistance." Like a claim based on *Strickland* or *Jackson,* a claim based on *Cronic* is a valid legal claim, but Petitioner has not explained how his trial lawyer abandoned him, literally or effectively, during the trial.

**DOES PETITIONER INTEND TO ASSERT ADDITIONAL CLAIMS?**

The third problem with the petition relates to the first. Petitioner may wish to assert additional claims, but he has only provided scraps of additional arguments without framing them as true claims. For example, Petitioner, who is black, opines that Orange

County, the site of his jury trial, "is one of the top 4 counties to be 'blatantly racist' towards 'all people of color.' I feel/believe that I endured discrimination under *Brown v. Board of Education* (1954)." Mem. at 3. Petitioner has not included this argument in his "arguments presented." Is it mere background information, or is it intended as a claim? Similarly, Petitioner begins his memorandum with the complaint that "there was not 1 African American citizen" on his jury. Petitioner does not include this assertion among his three "arguments presented." In any amended petition, Petitioner must either (1) present these arguments as true claims for habeas relief, with assertions of what federal law(s) were violated and factually adequate explanations, or (2) omit them as unnecessary speechifying. The Court reminds Petitioner that the only claims it can consider are those that first have been presented to, and ruled upon by, the California Supreme Court.

\* \* \* \* \*

For the foregoing reasons, the petition is DISMISSED with leave to amend within 30 days. If Petitioner fails to file a timely First Amended Petition that cures the flaws noted above, then this action may be dismissed for failure to prosecute.

DATED: May 31, 2013

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE